TATE *v.* PAUL REVERE FIRE INSURANCE COMPANY.

4-8677                                          216 S. W. 2d 385

Opinion delivered January 10, 1949.

*Troy W. Lewis,* for appellant.

*McMillen & Teague,* for appellee.

GRIFFIN SMITH, Chief Justice.   A combination automobile policy was issued severally by The Paul Revere Fire Insurance Company and The Home Indemnity Company.   The Home agreed with B. E. Tate that it would pay on his behalf all sums the assured became obligated for by reason of liability imposed upon him by law " . . . for damages . . . because of bodily injury . . . sustained by any person . . . caused by accident and arising out of the . . . use of the [identified] automobile."

It is stipulated that the car was accidentally upset while being driven by Tate, and that his wife, as guest within the meaning of Act 61 of 1935, was injured. Medical bills amounting to $409.05 were incurred and paid by Tate.   Mrs. Tate's enforced absence from the husband's mercantile establishment necessitated employment of a clerk, who was paid $192 for services the wife would have rendered.   Judgment for $601.50 with penalty and an attorney's fee was asked by Tate on the theory that his common law liability for the items in question and payment to avoid a multiplicity of suits disclosed pecuniary damage distinct from coverage excluded by Act 61.

We do not discuss the effect of appellee's plea that by policy provisions recovery does not lie " . . . until the amount of the insured's obligation to pay shall have

been finally established, either by judgment against the assured after actual trial or by written agreement of the assured, claimant and the Company.'' The stipulation is that all services in the demand for $601.50 were necessary, and that Tate had paid them.

Act 61 denies a cause of action to any person transported as a guest in any automotive vehicle upon the public highways unless the vehicle is willfully and wantonly operated. Since the person admitted here to have been a guest is not suing, appellant thinks his demand rests upon a contractual obligation not expressly or by necessary implication excluded by the statute.

We think the trial Court correctly held, in effect, that appellant's claim to reimbursement was dependent upon Mrs. Tate's right to maintain a claim against her husband. It is true appellant was pecuniarily damaged, but Act 61 must be read into indemnifying policies. A clear purpose of the legislation was to protect the insurer against claims arising in the circumstances here shown.

Affirmed.